# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN GABRIEL CARBAJAL AND MARIA ELENA CARBAJAL,<br><br>Plaintiffs,<br>vs.<br><br>ETS SERVICES, LLC, DOE 1, and DOES 2-50,<br><br>Defendants. | CASE NO. 08cv1997 BTM(WMc)<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Defendant Executive Trustee Services, LLC ("Defendant" or "ETS") has filed a motion to dismiss Plaintiffs' Complaint. For the reasons discussed below, Defendant's motion is **GRANTED**.

## I. BACKGROUND

On September 10, 2008, Plaintiffs commenced this action in the Superior Court of California, County of San Diego - North County. On October 28, 2008, Defendant removed the action to federal court.

Plaintiffs are the owners of the real property located at 1502 Rock Springs Road, San Marcos, California 92069 ("Property"). (Compl. ¶ 6.) Plaintiffs allege that ETS and the Doe defendants are proceeding toward a Trustee's sale of the Property (Compl. ¶ 5.) Plaintiffs allege, "Upon information and belief, DOE 1 is not the holder of the note identified in the

security instrument, is not in possession of the note properly endorsed to it, nor is it otherwise entitled by law in this State to initiate foreclosure under the security instrument identified in Exhibit 1." (Compl. ¶ 7.)  Plaintiffs further allege that DOE 1 has no right to initiate foreclosure or direct ETS to foreclose or sell the Property. (Compl. ¶ 8.)

Plaintiffs allege that although their attorney demanded proof of Defendants' right to proceed in foreclosure, Defendants have not offered any proof.  Plaintiffs also allege that their attorney demanded a detailed accounting of the amount Defendants stated must be paid to redeem the Property from foreclosure. (Compl. ¶ 11.)  According to Plaintiffs, any response by Defendants has been so inadequate that Plaintiffs have been prevented from determining whether any or all of the charges included in the payoff demand were justified. (Id.)

The Complaint sets forth the following causes of action: (1) unfair debt collection practices; (2) predatory lending practices; and (3) RICO violations.

## II. **STANDARD**

Under Fed. R. Civ. P. 8(a)(2), the plaintiff is required only to set forth a "short and plain statement" of the claim showing that plaintiff is entitled to relief and giving the defendant fair notice of what the claim is and the grounds upon which it rests. Conley v. Gibson, 355 U.S. 41, 47 (1957).  A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988).  When reviewing a motion to dismiss, the allegations of material fact in plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff. See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  Although detailed factual allegations are not required, factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007).  "A plaintiff's obligation to prove the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements

of a cause of action will not do." Id.

### III. DISCUSSION

ETS moves to dismiss Plaintiffs' Complaint for failure to state a claim. The Court grants ETS's motion because the Complaint is vague and conclusory. Although Plaintiffs generally allege violations of certain statutes, Plaintiffs fail to allege how ETS violated the statutes or plead sufficient facts establishing a violation.

A. <u>Unfair Debt Collection Practices</u>

Plaintiffs allege that Defendants have violated "provisions of California's Rosenthal Fair Debt Collection Practices Act, including but not limited to Civil Code § 1788 (e) and (f), and the Fair Debt Collection Practices Act, 15 U.S.C., Title 41, Subchap. V. §§ 1692 *et seq.* and the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601-2617." (Compl. ¶ 20.)

With respect to the Fair Debt Collection Practices Act and the Real Estate Settlement Procedures Act, Plaintiffs do not specify what provision(s) of these acts ETS violated or what ETS in particular did to violate the acts. To the extent Plaintiffs claim that ETS violated the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(e), by failing to take action with respect to Plaintiffs' September 5, 2008 inquiry (Ex. 1 to the Compl.), Plaintiffs' claim was premature. Under § 2605(e), after a servicer of a federally related mortgage loan receives a qualified written request from the borrower for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days and must take action on the request within 60 days. Plaintiffs filed their Complaint on September 10, 2008, less than a week after making their inquiry.

As for Plaintiffs' claim under California's Rosenthal Fair Debt Collection Practices Act, Plaintiffs cite to Cal. Civ. Code § 1788 (e) and (f). The Court assumes that Plaintiffs intended to cite to Cal. Civ. Code § 1788.10(e) and (f) (there is no § 1788(e) or (f)). Subsection (e) provides that no debt collector shall collect or attempt to collect a consumer debt by "the threat to any person that nonpayment of the consumer debt may result in . . . the seizure,

garnishment, attachment or sale of any property . . . unless such action is in fact contemplated by the debt collector and permitted by the law." Subsection (f) prohibits the collection or attempted collection of debts by "[t]he threat to take any action against the debtor which is prohibited by this title."

The Complaint does not allege facts establishing a violation of subsections (e) and/or (f). Plaintiffs contend that the foreclosure of their home is not permitted by law because DOE 1 is not the holder of the note identified in the security instrument. (Compl. ¶¶ 7-8.) However, it appears that Plaintiffs are just speculating that DOE 1 has initiated the foreclosure proceedings and is not in a legal position to do so due to an invalid assignment of rights or otherwise. Plaintiffs do not provide any facts in support of their allegations and, instead, rely upon mere "information and belief." (Compl. ¶ 7.) These allegations do not raise Plaintiffs' right to relief above a speculative level. To the extent that Plaintiffs contend that DOE 1 must possess the *original* note to initiate foreclosure proceedings, Plaintiffs have not cited legal authority supporting such a dubious proposition.

Plaintiffs have not stated a claim against ETS under the FDCPA, RESPA, or the RFDCPA. Therefore, the Court grants ETS's motion as to Plaintiffs' Unfair Debt Collection Practices Act cause of action.

B. Predatory Lending Practices

Plaintiffs allege that Equifirst, the original lender, engaged in deceptive practices "in violation of the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1637, the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, Regulation Z, 12 C.F.R. 226, and the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 41-58, the specifics of which are unknown, but which are subject to discovery and with respect to which the specifics will be alleged by amendment to this complaint when ascertained." (Compl. ¶ 23.) Plaintiffs further allege that DOE 1 is "subject to defenses that would have been available against Equifirst." It is unclear whether Plaintiffs intend to allege this cause of action against ETS. (Comp. ¶ 22.) To the extent that they do, Plaintiffs do not state how ETS, a trustee, violated the

various statutes or can be held liable for any violations by Equifirst or DOE 1. Accordingly, the Court dismisses this cause of action for failure to state a claim.

C. RICO

Plaintiffs allege that Defendants violated RICO, 18 U.S.C. §§ 1961, *et seq.*, by participating in a scheme of racketeering. (Comp. ¶ 26.) Again, Plaintiffs do not specify what provision of the RICO statute Defendants allegedly violated, nor do they allege the elements of a civil RICO claim – i.e., (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to plaintiff's business or property. Living Designs, Inc. v. E.I. Dupont de Nemours & Co., 431 F.3d 353, 361 (9th Cir. 2005).

Based on Ex. 2 to the Complaint, it appears that Plaintiffs claim that Defendants are in violation of 18 U.S.C. § 1962, which provides:

> It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal within the meaning of section 2, title 18, United States Code, to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

Although Plaintiffs make the conclusory claim that Defendants "have participated in a scheme of racketeering," Plaintiffs fail to identify the predicate acts that form the basis of the alleged "scheme of racketeering." See Izenberg v. ETS Services, LLC, __ F. Supp. 2d __, 2008 WL 5179088 at *7 (C.D. Cal. Dec. 8, 2008). Similarly, there are no facts establishing collection of an "unlawful debt." An "unlawful debt" means a debt (a) incurred or contracted in gambling activity which was in violation of the law; and (b) which was incurred in connection with the business of gambling in violation of the law or the business of lending money at a usurious rate at least twice the enforceable rate. 18 U.S.C. § 1961(6). It does not appear that the debt at issue here falls within the definition of 18 U.S.C. § 1961(6). Therefore, this cause of action is dismissed for failure to state a claim.

///

**IV. CONCLUSION**

For the reasons discussed above, Defendant ETS's motion to dismiss is **GRANTED** and Plaintiffs' Complaint is **DISMISSED WITHOUT PREJUDICE**.  The Court grants Plaintiffs leave to file an amended complaint addressing the deficiencies identified above.  Any amended complaint must be filed within 30 days of the filing of this order.  If Plaintiffs do not file an amended complaint within the prescribed time, the Court shall order the Clerk to enter judgment dismissing this case without prejudice, and the case shall be closed.

**IT IS SO ORDERED.**

DATED: February 2, 2009

_____
Honorable Barry Ted Moskowitz
United States District Judge